**UNITED STATES of America,
Plaintiff,**

v.

**Gregory CHECORA, Warrenell Cuch,
Bobby Redcap, and Reuben
Cuch, Jr., Defendants.**

**No. 2:97CR235.**

United States District Court,
D. Utah,
Central Division.

Jan. 5, 2000.

Julie George McPherson, Salt Lake City, Utah, for Defendant-Appellant Gregory Checora.

John Bruce Savage, Jr., Park City, Utah, for Defendant-Appellant Warrenell Cuch.

James C. Bradshaw, Salt Lake City, Utah, for Defendant-Appellant Bobby Redcap.

Jerome H. Mooney, III, Mooney Law Firm, P.C., Salt Lake City, Utah, for Defendant-Appellant Reuben Cuch, Jr.

Felice J. Viti and Richard MacDougal (David J. Schwendiman, United States Attorney, with them on the briefs), Salt Lake City, Utah, for Plaintiff-Appellee United States of America.

## FINDINGS and ORDERS in re Restitution Arrangements and Enhanced Sentences of Multiple Defendants in Homicide/Voluntary Manslaughter Case

J. THOMAS GREENE, District Judge.

This matter is before the Court on remand from the Tenth Circuit Court of Appeals for the limited purposes of making specific findings with regards to this Court's imposition of a six level sentencing enhancement upon all defendants for extreme conduct, and revisiting this Court's prior restitution order. The Tenth Circuit directed this Court to provide an explanation for arriving at an upward departure of six levels for the extreme conduct exhibited by the defendants, with the instruction that in so doing, the district court "may use any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure, including extrapolations from or analogy to the Guidelines." *United States v. Checora*, 175 F.3d 782 (10th Cir.1999). The Tenth Circuit also remanded for further consideration that portion of the Court's order requiring each defendant to make restitu-

tion payments for the benefit of the minor children of the victim, Benjie Murray.

Having reviewed the entire file and fully considered the matter, and having determined that further hearings are unnecessary, the Court now enters the following findings and orders with respect to the sentencing and restitution issues.

## FINDINGS

### Sentencing Issue

1. On July 3, 1996, the defendants beat, tortured, and eventually killed Benjie Murray. The unusually brutal and heinous attack lasted over an hour.

2. Subsequent to receiving Indictments charging them with second-degree murder and aiding and abetting while within Indian Country, the defendants entered guilty pleas to a later filed Information charging the lesser crime of voluntary manslaughter.

3. At sentencing, this Court determined each of the defendants' to have a base offense level of 26, although criminal history categories were different.[1]

4. The Court added two offense levels as to each defendant to account for the victim's vulnerable state. 1995 U.S.S.G. § 3A1.1(b).

5. The Court added two offense levels as to each defendant because the victim was physically restrained during a portion of the attack. 1995 U.S.S.G. § 3A1.3.

6. The Court decreased the offense level as to each defendant three points to reflect acceptance of responsibility. 1995 U.S.S.G. § 3E1.1(b).

7. The Court then departed from the guidelines by adding six offense levels as to each defendant in order to account for the unusually cruel and brutal nature of the attack. 1995 U.S.S.G. § 5K2.8. The addition of the enhancement brought the total offense level for each defendant to 32.

---

1.

| Bobby Redcap: | Category II |
| Reuben Cuch: | Category II |
| Gregory Checora: | Category III |
| Warrenell Cuch: | Category IV |

8. Under the Sentencing Guidelines, an offense level of 32, plus respective criminal history categories, yielded a guideline range for each of the defendants well over the 120 month statutory maximum for voluntary manslaughter.[2]

9. The Court imposed a sentence of 120 months for each of the defendants.

10. The Court determined as to each defendant and here again finds that the actions in question were "unusually heinous, cruel, [or] brutal," justifying an upward departure pursuant to section 5K2.8 of the Guidelines. The Court found that the conduct of each defendant included torturing the victim, prolonging the pain involved, and gratuitously inflicting serious injury.

11. The Court regarded the conduct of each defendant to be analogous to conduct contemplated in Guideline sections 2A2.2(b)(3)(C), 2B3.1(b)(3)(C), and 2B3.2(b)(4)(C). All three provisions authorize a six level maximum increase if the victim sustained permanent or life-threatening injury during the crime charged.

12. The case at bar is outside the "heartland" of voluntary manslaughter cases in that the conduct of each defendant was unusually aggravated and lasted for over an hour. The fact that the victim ultimately died does not, in this Court's opinion, diminish the multiple serious injuries sustained by the victim while conscious. The victim was essentially tortured by these defendants over the course of at least an hour.

13. This Court finds from the totality of the evidence and circumstances that the conduct of each defendant was of such a nature that it would merit a full six level enhancement under any of the Guideline sections cited above, and that a similar enhancement is appropriate in this instance.

14. While it would be possible to differentiate the relative culpability of each defendant even though the low end of the guideline range as to each defendant exceeded the maximum statutory penalty of ten years for voluntary manslaughter, it was manifest and the Court found from all relevant evidence that each of the defendants should be sentenced at least to the maximum ten year statutory period. Some may have been more culpable than others, but each of the defendants was at least culpable to a degree sufficient to justify imposition of a ten year sentence.

### Restitution Issue

15. As part of this Court's Judgment and Commitment Order, each defendant was directed to pay restitution to the Utah State Division of Child and Family Services in the amount of $5,000 to support the victim's minor children.

16. This Court now finds and determines that a more efficient method exists for receiving restitution payments from the individual defendants and distributing those funds to the victim's minor children. The Court finds that Salt Lake attorney Martin Olsen qualifies as an appropriate guardian ad litem under the relevant statute[3] for the limited purpose of monitoring the receipt of restitution payments made by each defendant and distributing those monies for the use and benefit of the minor children of the victim Benjie Murray, and that Mr. Olsen is willing to so act. Furthermore, the Court finds that the Utah Department of Recovery Services is willing to receive the monies into an account to be opened by Mr. Olsen, and distribute those funds at Mr. Olsen's direction.

Based on the foregoing, it is hereby

---

2.

| Bobby Redcap: | 135—168 months |
| Reuben Cuch: | 135—168 months |
| Gregory Checora: | 151—188 months |
| Warrenell Cuch: | 168—210 months |

3. 18 U.S.C. § 3663A(a)(2), provides that a legal guardian, another family member, "or any other person appointed as suitable by the court," may act as legal guardian to preserve the rights of minors.

**ORDERED,** that each of the sentences originally imposed by this Court upon each defendant is hereby reaffirmed; it is

**FURTHER ORDERED,** that the original terms of the Judgment and Commitment Order pertaining to restitution are reaffirmed with the exception that each defendant is to submit restitution in the amount of $5,000 to the Utah Department of Recovery Services; it is

**FURTHER ORDERED,** that Salt Lake attorney Martin Olsen is appointed to act as pro bono guardian ad litem of the minor children of the victim Benjie Murray for the express and limited purposes of opening a case file with the Utah Department of Recovery Services, monitoring the receipt of restitution payments from the defendants into that account, and directing the use of those funds in his sole discretion exclusively in the best interests of the children until they reach the age of majority or until such restitution is fully paid and the funds fully distributed, subject to further order of this Court.